IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS A. HIGHTOWER,

    Plaintiff,                    No. C08-1129MJP

  vs.

JAMES TILTON, et al.,

    Defendants.              <u>ORDER</u> Rescinding Taxation of Costs

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

        Plaintiff filed his complaint on May 22, 2008, alleging First and Eighth Amendment violations by Defendants Tilton, Subia, Lewis, Grannis, Mwangi, Griffin, Gutierrez, Campbell, Fox, Reaves, Reyes, Bunnell, Rodriquez and Montanez. After screening Plaintiff's complaint, the Court ordered service on these defendants on October 2, 2009 (Dkt. No. 13).

        On January 15, 2010, Defendants Reaves, Reyes, Grannis and Tilton moved to dismiss Plaintiff's complaint (Dkt. No. 21; that motion is still pending). Defendants Montanez, Bunnell, Campbell, Fox, Gutierrez, Griffen, Rodriquez, Lewis and Mwangi answered Plaintiff's complaint. Dkt. No. 22. Nevertheless, the U.S. Marshal served the above-listed defendants on

1  February 2, 3 and 16 (Dkt. Nos. 25, 27) and sought reimbursement from Defendants for personal
2  service. The Court ordered the personal service costs taxed to Defendants on April 1, 2010.
3  Dkt. Nos. 35, 36, 38.

4  The Court is aware that Defendants did not file waivers of service prior to appearing by
5  means of their respective motion and answers to the complaint. The Court is also aware that
6  personal service on these defendants was not effected until more than 120 days after the
7  complaint was filed and screened, which (under FRCP 4) renders the service untimely and the
8  action subject to dismissal. By appearing in the manner in which they did, the defendants
9  waived any defect in service.[1]  See Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)("A general
10 appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will
11 waive any defect in service or personal jurisdiction.").

12 These Defendants, had they chosen to exercise their right to have the matter dismissed
13 without prejudice against them (FRCP 4(m)), could have delayed the progress of this case
14 further and resulted in the expenditure of additional funds and time to effect proper service. The
15 Court finds that they should not be penalized for choosing to appear by motion or answer rather
16 than a formal waiver of service, and therefore

17 IT IS ORDERED that the taxation of costs orders entered against these Defendants
18 (Lewis, Grannis, Reyes, Tilton, Subia, Mwangi, Griffin, Gutierrez, Campbell, Fox, Reaves,
19 Bunnell, Rodriguez, and Montanez; Dkt. Nos. 35, 36 and 38) are RESCINDED and that they
20 will not be ordered to pay the U.S. Marshal as formerly directed.

22 DATED: May _27_, 2010

Marsha J. Pechman
U.S. District Judge

---

[1] Defendant Subia, who did not file an answer or a motion on January 15, 2010, nevertheless later appeared and waived any defects in service by joinder in the motion to dismiss (along with Defendant Garcia) on April 12, 2010. Dkt. Nos. 40, 41.

2