UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| THOMAS HIGHTOWER,<br><br>            Plaintiff,<br><br>   v.<br><br>JAMES TILTON, et al.,<br><br>            Defendant. | CASE NO. C08-1129MJP<br><br>ORDER ON DEFENDANTS'<br>MOTION TO DISMISS |

The Court, having received and reviewed:

1. Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss (Dkt. No. 69)

2. Plaintiff's Opposition to Defendants' Motion to Dismiss (Dkt. No. 73)

3. Defendants' Reply to Opposition to Defendants' Motion to Dismiss (Dkt. No. 74)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is GRANTED; Plaintiff's First Amended Complaint is DISMISSED with leave to amend.

1  IT IS FURTHER ORDERED that Plaintiff's counsel shall file an amended complaint
2  within 21 days of the entry of this order.

**Background**

Defendants have previously moved to dismiss Plaintiff's original complaint – this Court granted that motion in part, dismissing several Defendants without prejudice and granting Plaintiff leave to amend the complaint. Dkt. No. 48. Plaintiff then filed his First Amended Complaint ("FAC"; Dkt. No. 50) as a pro se, and thereafter filed a motion requesting appointment of counsel. Dkt. No. 52. That motion was granted (Dkt. No. 60) and Plaintiff has been represented by counsel since January of this year.

**Discussion/Analysis**

Defendants allege two grounds for dismissal. The Court will discuss and analyze each ground separately.

1. Class action

Defendants characterize the flaw in Plaintiff's FAC as "fail[ure] to state a class action claim" (Memo in Support, p. 2), but a close reading of their motion reveals that they are actually arguing that Plaintiff, as a pro se prisoner, does not have standing to bring a class action lawsuit. The argument has merit – there is a wealth of case law holding that pro se plaintiffs cannot represent anyone but themselves in their lawsuits (Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008), and specifically that pro se prisoners may not bring class actions on behalf of other inmates. Smith v. Schwarzenegger, 393 Fed.Appx. 518 (9th Cir. 2010), citing McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).

Plaintiff nevertheless challenges this argument. First, he contends that an FRCP 12(b)(6) motion is not the proper procedural tool to test Defendants' allegation that he has failed to state a class action claim – that can properly be done only at the class certification stage. In support of

ORDER ON DEFENDANTS' MOTION TO
DISMISS- 2

this position, he cites <u>Gillibeau v. City of Richmond</u>, 417 F.2d 426 (9th Cir. 1969). But <u>Gillibeau</u> is inapposite in that the defendants in that case actually were attacking the sufficiency of the class action pleadings. <u>Id</u>. at 432. Defendants here are not really challenging the sufficiency of the pleadings – they are saying that Plaintiff (who was pro se at the time he filed the FAC) was not authorized to bring the class action in the first place.

This case is complicated by the fact that, following the filing of the FAC, pro bono counsel were appointed to represent Plaintiff. Neither side has cited any case law which addresses this unusual situation. The Court finds that it is bound by the circumstances as they existed at the filing of the FAC to rule that Plaintiff did not have standing to file any class action claims. But two factors mitigate in favor of allowing Plaintiff to amend his complaint and his lawsuit to continue.

The first is that he is now represented, and his current counsel can legitimately refile a complaint which includes class action claims.

The second is that the FAC is a mix of individual and class claims, and Defendants do not argue that Plaintiff was not entitled, at the time the FAC was filed, to prosecute his own individual claims. So dismissal of the complaint with leave to amend and refile (as opposed to dismissal of the action in its entirety) is the appropriate remedy.

2. <u>FRCP 8</u>

Defendants complain that the FAC does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is neither "simple, concise, [nor] direct," in violation of FRCP 8(a) and 8(d)(1).

The Court does not find this claim well-taken. Pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 611 F.3d 1202, 1205 (9th Cir. 2010) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007))(per curiam). Although it is a lengthy (60 pages) and fact-intensive document, Plaintiff does use headings identifying the claims addressed in each section, and each section identifies the Defendants and the actions upon which those claims rest.

In any event, since the Court's order will permit Plaintiff to file an amended (counsel-prepared) complaint to address the class action standing issue, the FRCP 8 argument will be mooted (for the time being) by the filing of the new complaint.

**Conclusion**

While Plaintiff did not have standing to file his class action claims as a pro se party, he has the right to do so now that he is represented by court-appointed counsel, and the Court will so permit. Defendants' FRCP 8 arguments concerning the clarity and brevity of Plaintiff's FAC are moot in the face of the Court's intention to permit the filing of a second amended complaint.

The Court puts the parties on notice that, following the filing of the second amended complaint, the Court will issue a case schedule (including a timeline for class certification) which will bring this nearly three and a half year-old case to a swift resolution.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 29, 2011.

Marsha J. Pechman
United States District Judge